UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60851-CIV-ROSENBAUM

THE BACK GROUP, INC., and
LAD CONSULTING, INC.,

        Plaintiffs,

v.

SME, INC. USA,

        Defendant.
_____/

## ORDER REQUIRING ACTION BY PLAINTIFF

This matter is before the Court upon Plaintiffs The Back Group, Inc., and Lad Consulting, Inc.'s Complaint [D.E. 1]. The Court has reviewed the Complaint and has noticed that it alleges as a jurisdictional basis only diversity jurisdiction under 28 U.S.C. § 1332. *See* D.E. 1 at ¶ 2.

Federal courts enjoy only limited jurisdiction. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005), *cert. denied,* 546 U.S. 872 (2005). Under Section 1332, district courts enjoy original jurisdiction over civil actions where the matter in controversy exceeds the value of $75,000 and, as purportedly applicable here, where the case arises between citizens of different states. When jurisdiction is based on diversity of citizenship, the complaint "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (citation omitted).[1] If the complaint fails to meet these requirements and the case is appealed, it will,

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

at best, be remanded to the district court for a determination of jurisdiction. *See id.* Obviously, if the Court lacks jurisdiction, it may not hear the case. Therefore, the Court should resolve questions regarding jurisdiction at the earliest possible opportunity.

In this case, all parties are corporations. A corporation is a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, ___ F.3d ___, 2013 WL 673156, *1 (11th Cir. Feb. 26, 2013). Here, the Complaint alleges that Plaintiffs The Back Group, Inc., and Lad Consulting, Inc., "are Florida corporations conducting business in Broward County, Florida. D.E. 1 at ¶ 4. As for Defendant SME, Inc. USA, the Complaint states that SME "is a North Carolina corporation conducting business in Florida. A substantial portion of SME's business consists on [sic] selling lumbar loc braces in Florida . . . ." *Id.* at ¶ 5.

The Court construes these allegations to mean that Plaintiffs were incorporated in Florida and likely have their principal place of business here, although the Complaint does not specifically so state. Also missing from these allegations is any indication of SME's principal place of business. In view of the allegation that "[a] substantial portion of SME's business consists on [sic] selling lumber loc braces in Florida," it is certainly possible that SME's principal place of business is in this state. In any case, the Court is not permitted to assume that diversity jurisdiction exists.

Therefore, if the parties meet the requirements of diversity, Plaintiffs shall file an amended complaint containing the required diversity allegations by **April 26, 2013**. If the parties do not meet

the requirements of diversity, Plaintiffs shall file a notice of dismissal by **April 26, 2013**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 12th day of April 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record